UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OUELLETTE,

      Plaintiff,           CIVIL ACTION NO. 15-cv-11604

    v.                              DISTRICT JUDGE ARTHUR J. TARNOW

BEVERLY HILLS, VILLAGE OF,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [25], DENYING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS [27], AND GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND [33]**

Plaintiff filed this *pro se* civil rights action on May 4, 2015, pursuant to 42 U.S.C. § 1983, alleging that Defendants Village of Beverly Hills Public Safety Department and Lieutenant Michael Vargas subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and deprived Plaintiff of his right to counsel in violation of the Sixth Amendment to the United States Constitution. (Docket no. 1.) This matter is before the Court on Plaintiff's Motion Asking the Court for Appointment of Counsel (docket no. 25), Motion to Stay the Proceedings (docket no. 27), and Motion to Extend Time to Answer Defendants' Motion for Summary Judgment (docket no. 33). Defendants responded to Plaintiff's Motion Asking the Court for Appointment of Counsel and his Motion to Stay the Proceedings. (Docket nos. 26 and 28.) This action has been referred to the undersigned for all pretrial purposes. (Docket no. 13.) The Court has reviewed the pleadings and dispenses

with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.     Plaintiff's Motion Asking the Court for Appointment of Counsel [25]**

The instant Motion is the second Motion for Appointment of Counsel that Plaintiff has filed in this matter.[1] (Docket no. 25.) Plaintiff now asks the Court to appoint counsel because (1) this is a matter that requires the taking of depositions, and without the representation of an attorney, it would be "virtually impossible to move forward;" (2) Plaintiff has requested a trial by jury and does not know the proper procedures of conducting such a trial; and (3) Plaintiff is unable to obtain various documents for this case prior to trial without the assistance of counsel. (Docket no. 25 at 1.)

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (quoting Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")).

---

[1] Plaintiff filed his first Motion for Appointment of Counsel on May 4, 2015 (docket no. 3), which the Court denied on August 7, 2015 (docket no. 14).

Plaintiff seeks court-appointed counsel to assist him in conducting discovery in this matter. (*See* docket no. 25 at 1.) But, under *Lavado* and *Glover*, *supra*, Plaintiff's status as a prisoner proceeding *in forma pauperis* does not automatically entitle him to court-appointed counsel. Rather, in the absence of exceptional circumstances, Plaintiff must conduct discovery on his own behalf in accordance with the Federal Rules of Procedure. Notably, Plaintiff does not set forth any exceptional circumstances in his Motion that would justify the appointment of counsel, and the Court finds that assistance in conducting discovery does not constitute an exceptional circumstance here, as the factual and legal issues involved are not particularly complex. Furthermore, since the Court denied Plaintiff's first Motion for Appointment of Counsel on August 7, 2015, there has not been, and Plaintiff has not alleged, any change in circumstances in this matter that would warrant the appointment of counsel at this juncture. The Court will therefore once again decline to exercise its discretion to appoint counsel to represent Plaintiff. Should Plaintiff survive the dispositive motion stage of this lawsuit and then file another motion for appointment of counsel, the Court will at that time revisit his request. Accordingly, the Court will deny Plaintiff's Motion Asking the Court for Appointment of Counsel without prejudice.

## II.     Plaintiff's Motion to Stay the Proceedings [27]

On July 21, 2016, Plaintiff filed a Motion to Stay the Proceedings for a period of 120 days. (Docket no. 27.) In this Motion, Plaintiff argues that a stay is necessary because (1) he has had an extremely difficult time obtaining various documents and witnesses in order to proceed to trial; (2) his current correctional facility is closing, and he will likely be transferred to a new facility at any time, "which will undoubtedly create delays and obstructions" in receiving and answering any motions filed by Defendants or any court filings; and (3) he is still seeking legal

representation, with which he has been having a difficult time due to his "present disposition," and he seeks the stay to find counsel. (*Id*. at 1-2.)

In response, Defendants assert that Plaintiff's claim of difficulty in obtaining documents and witnesses in this matter while incarcerated has no merit. (Docket no. 28 at 2.) Defendants explain that they have served Plaintiff with initial disclosures, which included 236 pages of relevant documents, and that they have also received and responded to Plaintiff's discovery requests. Defendants also reason that Plaintiff has not attempted to notice the deposition of single witness since the inception of this lawsuit. Additionally, Defendants point out that discovery closed on July 1, 2016, and they argue that even if this matter were stayed, Plaintiff would not have a right to additional discovery. Defendants further argue that Plaintiff has had nearly three years from the date of the incident giving rise to this lawsuit to secure legal representation, and a 120-day stay to allow Plaintiff additional time to do so would be unwarranted. (*Id*. at 3, 7.)

The Court finds Defendants' arguments persuasive. Moreover, the transfer Plaintiff predicted has already occurred, presumably sometime in August of 2016. (*See* docket no. 32.) The only delay that Plaintiff alleges as a result of this transfer is a delay in the receipt of Defendants' Motion for Summary Judgment (*see* docket no. 33), for which the Court has adequately accounted in addressing Plaintiff's Motion to Extend, *infra*. For these reasons, the Court finds no good cause to stay the proceedings in this matter, and it will therefore deny Plaintiff's Motion to Stay the Proceedings.

### III. Plaintiff's Motion to Extend Time to Answer Defendants' Motion for Summary Judgment [33]

On September 30, 2016, Plaintiff filed a Motion to Extend Time to Answer Defendants' Motion for Summary Judgment. (Docket no. 33.) In this Motion, Plaintiff acknowledges that

4

Defendants filed their Motion for Summary Judgment on August 1, 2016, and mailed a copy of the same to Plaintiff's previous mailing address. Plaintiff was recently transferred to a different correctional facility (*see* docket no. 32), however, and he asserts that he did not receive a copy of Defendants' Motion for Summary Judgment until September 14, 2016, when Defendants sent him a courtesy second copy at his new address. As a result, Plaintiff requests that the Court extend his time to answer Defendants' Motion for Summary Judgment by sixty days. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(1)(B), a response to a dispositive motion must be filed within twenty-one days of service of the motion. Plaintiff was therefore required to respond to Defendants' Motion by August 22, 2016. Nevertheless, because Plaintiff allegedly did not receive a copy of Defendants' Motion until September 14, 2016, due to circumstances beyond his control, the Court finds good cause for granting Plaintiff an extension of time to respond to Defendants' Motion. Accordingly, the Court will grant Plaintiff's Motion to Extend in part and extend the deadline for Plaintiff's response to Defendants' Motion for Summary Judgment to November 1, 2016.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Asking the Court for Appointment of Counsel [25] is **DENIED** without prejudice, and Plaintiff's Motion to Stay the Proceedings [27] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Answer Defendants' Motion for Summary Judgment [33] is **GRANTED IN PART**. Plaintiff must file his response to Defendants' Motion for Summary Judgment by November 1, 2016. Defendants may thereafter reply to Plaintiff's response in accordance with Eastern District of Michigan Local Rule 7.1(e)(1).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: October 13, 2016       s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff Michael Ouellette and counsel of record on this date.

Dated: October 13, 2016       s/ Lisa C. Bartlett
                              Case Manager